IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-00312-PAB-NRN

CARLOS MARTINEZ CRUZ,

      Petitioner,

v.

KRISTI NOEM, Secretary, U.S. Department of Homeland Security,
PAMELA BONDI, U.S. Attorney General,
GEORGE VALDEZ,[1] Field Office Director, Denver Field Office, Immigration and
Customs Enforcement, and
JUAN BALTAZAR, Warden of Denver Contract Detention Facility,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Carlos Martinez Cruz's Petition

for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] and Motion for

a Temporary Restraining Order and/or a Preliminary Injunction [Docket No. 4].

Respondents filed a response, Docket No. 14, and petitioner filed a reply.  Docket No.

15.

## I.  BACKGROUND[2]

Petitioner is a citizen of Mexico.  Docket No. 14-1 at 3, ¶ 4.  He resides near

Tallahassee, Florida with his United States citizen wife and four children.  Docket No. 1

at 5, ¶ 23.  Petitioner has allegedly been continuously living in the United States for

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), George Valdez is
automatically substituted as a party in this action.
[2] The following facts are undisputed unless otherwise noted.

almost twenty years.[3]  *Id*., ¶ 22.  Petitioner was never inspected and admitted or paroled into the United States.  Docket No. 14-1 at 3, ¶ 10.  On November 12, 2025, ICE officials encountered petitioner in Tallahassee Florida and determined that he did not possess documentation authorizing his entry into or presence in the United States.  *Id.* at 4, ¶ 13.  Petitioner was initially detained in Florida, but was transferred to the Denver Contract Detention Facility on December 10, 2025.  *Id.*, ¶ 15.  On December 12, 2025, ICE issued a Notice to Appear ("NTA"), initiating removal proceedings under 8 U.S.C. § 1229a.  *Id.*, ¶ 16.  The Notice to Appear charged petitioner with being inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I).  *Id.*  Respondents claim that petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Docket No. 14 at 1.

On January 26, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Docket No. 1.  Petitioner brings a claim for Violation of the Immigration and Nationality Act (the "INA") under 8 U.S.C. §§ 1225 and 1226 (Count One); for Violation of Substantive Due Process (Count Two); and for Violation of Procedural Due Process (Count Three).  *Id.* at 11-16, ¶¶ 41-57.  Petitioner requests, among other things, that the Court order respondents to provide petitioner with a bond

---

[3] Through the declaration an Immigration and Customs Enforcement ("ICE") deportation officer, respondents claim that petitioner was granted "voluntary return to Mexico after he illegally entered the United States" on 4 different occasions: January 10, 1999, January 23, 2003, March 12, 2006, and March 13, 2006.  Docket No. 14-1 at 3, ¶¶ 5-8.  Respondents assert that, "[t]hereafter Petitioner illegally entered the United States at an unknown location and date."  *Id.*, ¶ 9.  Petitioner claims that he "last entered the United States almost twenty years ago and has not left since that time."  Docket No. 1 at 5, ¶ 22.

hearing pursuant to 8 U.S.C. § 1226(a).  *Id.* at 16.  Petitioner also filed a motion for a

temporary restraining order and/or preliminary injunction, which seeks to preclude

respondents from detaining petitioner for the same reasons listed in the habeas petition.

Docket No. 4.  On February 17, 2026, respondents filed a response.  Docket No. 14.

On February 20, 2026, petitioner filed a reply.  Docket No. 15.  On March 17, 2026, the

case was reassigned.  Docket No. 18.

## II.  ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C.

§ 1226 or 8 U.S.C. § 1225.  Docket No. 1 at 6-14; Docket No. 14 at 2-14.  Petitioner

contends that his detention should be controlled by 8 U.S.C. § 1226(a) because

§ 1226(a) applies to the detention of noncitizens, like petitioner, who previously entered

and are now residing within the United States.  Docket No. 1 at 6-7, ¶ 29.  Because he

believes that § 1226 applies, petitioner argues that respondents must provide him with a

bond hearing.  *See id.* at 16.  Respondents, however, contend that 8 U.S.C.

§ 1225(b)(2)(A) applies to noncitizens like petitioner who are present in the United

States without being admitted or paroled.  Docket No. 14 at 7-8.  Respondents claim

that petitioner is therefore not entitled to a bond hearing and is subject to mandatory

detention.  *Id.* at 8.

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies

to petitioners who were detained when already present in the United States without

inspection and who face removal proceedings.  *See Moncada-Hernandez v. Trump*, No.

26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v.*

*Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026);

3

*Gabriel-Morales v. Bondi*, No. 26-cv-00392-PAB, 2026 WL 415597, at *2 (D. Colo. Feb. 13, 2026); *Gonzalez v. Baltazar*, No. 26-cv-00297-PAB, 2026 WL 415600, at *1-2 (D. Colo. Feb. 13, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *2 (D. Colo. Feb. 4, 2026); *Armenta* v. *Noem*, No. 26-cv-00236-PAB, 2026 WL 274634, at *1-5 (D. Colo. Feb. 3, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025). Each time, the Court has ruled that the petitioner's detention is governed by § 1226. *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on. *See generally* Docket No. 14. The Court finds no distinguishing material facts between this case and *Alfaro Orellana*, 2025 WL 3706417. Thus, the Court will grant the habeas petition for the same reasons it did in *Alfaro Orellana*. Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a). The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner a bond hearing within seven days of the date of this order.[4] Moreover, because the Court will grant the habeas petition, the motion for a temporary restraining order is moot.

---

[4] Because the Court will grant the habeas petition on the basis of the 8 U.S.C. § 1226(a) claim, it will not reach petitioner's due process claims. *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time

## III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Carlos Martinez Cruz's Petition for Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8

U.S.C. § 1226(a) within **seven days** of the date of this Court's order.  It is further

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file

a status report indicating whether the bond hearing was held and whether bond was

granted or denied.  It is further

**ORDERED** that the Motion for a Temporary Restraining Order and/or a

Preliminary Injunction [Docket No. 4] is **DENIED as moot**.


DATED March 18, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

because the Court grants the relief Petitioner seeks based on the applicability of
§ 1226(a)").