IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-00312-PAB-NRN

CARLOS MARTINEZ CRUZ,

      Plaintiff,

v.

MARKWAYNE MULLIN,[1] Secretary, U.S. Department of Homeland Security,
TODD BLANCHE,[2] Acting U.S. Attorney General,
GEORGE VALDEZ,[3] Field Office Director, Denver Field Office, Immigration and
Customs Enforcement, and
JUAN BALTAZAR, Warden of Denver Contract Detention Facility,

      Defendants.

---

**ORDER**

---

This matter comes before the Court on petitioner Carlos Martinez Cruz's Motion

to Enforce [Docket No. 24]. Respondents filed a response, Docket No. 28, and

petitioner filed a reply. Docket No. 29.

## I. BACKGROUND

Petitioner is a citizen of Mexico. Docket No. 14-1 at 3, ¶ 4. He resides near

Tallahassee, Florida with his United States citizen wife and four children. Docket No. 1

at 5, ¶ 23. Petitioner claims he has been continuously living in the United States for

almost twenty years. *Id.*, ¶ 22. Petitioner was never inspected and admitted or paroled

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin is automatically substituted as a party in this action.
[2] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted as a party in this action.
[3] Pursuant to Federal Rule of Civil Procedure 25(d), George Valdez is automatically substituted as a party in this action.

into the United States.  Docket No. 14-1 at 3, ¶ 10.  On November 12, 2025, ICE officials encountered petitioner in Tallahassee Florida and determined that he did not possess documentation authorizing his entry into or presence in the United States.  *Id.* at 4, ¶ 13.  Petitioner was initially detained in Florida, but was transferred to the Denver Contract Detention Facility on December 10, 2025.  *Id.*, ¶ 15.  On December 12, 2025, ICE issued a Notice to Appear ("NTA"), initiating removal proceedings under 8 U.S.C. § 1229a.  *Id.*, ¶ 16.  The Notice to Appear charged petitioner with being inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I).  *Id.*

On January 26, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Docket No. 1.  Among other things, petitioner argued that respondents improperly detained him pursuant to 8 U.S.C. § 1225(b)(2), thus subjecting him to mandatory detention.  *Id.* at 11-14, ¶¶ 41-47.  Petitioner asserted that his detention should be governed by 8 U.S.C. § 1226(a).  *Id.*  On March 17, 2026, the case was reassigned.  Docket No. 18.  On March 18, 2026, the Court ruled on the habeas petition, finding that petitioner was detained pursuant to § 1226(a) and was thus entitled to a bond hearing.  Docket No. 19 at 3-4.  Accordingly, the Court ordered that "respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of the date of this Court's order."  *Id.* at 5.  On March 26, 2026, respondents obtained a one-day unopposed extension to hold the bond hearing no later than March 26, 2026.  Docket No. 22.  On March 31, 2026, the parties filed a joint status report indicating that a bond hearing was held on March 26, 2026, wherein bond was denied.  Docket No. 23.

2

Petitioner asserts, and respondents do not dispute, that at the bond hearing, petitioner submitted evidence including a copy of his 2003 marriage certificate to his U.S. citizen wife, the birth certificates of his four U.S. citizen children, 25 letters of support from his family and neighbors, tax returns for 2015-2024, proof of his property ownership, and business documents related to a construction company which he jointly owns with his wife. Docket No. 24 at 2. At the bond hearing, the Department of Homeland Security ("DHS") conceded that petitioner is not a danger to society, but argued that his several traffic citations for driving without a license indicate a pattern of disregarding the law, thus suggesting he is a flight risk. *Id.* The immigration judge placed petitioner under oath and questioned him about his driving citations, his unauthorized employment, and his failure to legalize his status in the United States. *Id.* Petitioner explained that he drove and worked without authorization because he was unable to obtain documentation permitting him to do so. *Id.* at 2-3. Petitioner's attorney attempted to argue that petitioner met the factors in *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)—a Board of Immigration Appeals ("BIA") case enumerating the factors which should be considered by Immigration Judges when determining bond—but was cut off from doing so. *Id.* at 3. The immigration judge issued a written decision stating that "[t]he Court has conducted an individualized bond hearing. After considering the totality of the circumstances and all relevant factors, the Court finds that the respondent has not met his burden to establish that he [is] not a significant flight risk such that release from custody is warranted. Accordingly, the Court denies the respondent's request for a change in custody status." Docket No. 24-2 at 2.

3

On March 31, 2026, the same day that the parties submitted the status report, petitioner filed a motion to enforce, claiming that the bond hearing was not constitutionally compliant because it was not individualized, Docket No. 24 at 5, although petitioner's argument is more focused on the written order's lack of explanation for denial of bond.  Petitioner seeks his immediate release.  *Id.* at 7.  On April 8, 2026, respondents filed a response.  Docket No. 28.  On April 14, 2026, petitioner filed a reply. Docket No. 29.

## II.  ANALYSIS

Respondents argue that the Court should deny the motion to enforce because the Court does not have jurisdiction, because petitioner has not exhausted administrative remedies, and because respondents complied with the Court's March 18, 2026 order.  Docket No. 28 at 3-9.

Title 8 U.S.C. § 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  8 U.S.C. § 1226(e).  Yet petitioner seeks exactly that—for the Court to set aside the immigration judge's decision regarding the denial of bond.  The Court does not have jurisdiction to do so.  It is true that "§ 1226(e) does not preclude challenges to the statutory framework that permits the alien's detention without bail."  *Jennings v. Rodgriguez*, 583 U.S. 281, 295 (2018) (internal quotations, alterations, and citation omitted).  But here, petitioner is not challenging the statutory framework governing his detention; rather, petitioner is challenging the immigration judge's discretionary determination that he is not entitled to bond.  This is exactly the sort of challenge

4

Congress proscribed by passing § 1226(e).  *Mwangi v. Terry*, 465 F. App'x 784, 786-87

(10th Cir. 2012) (unpublished); *Molina v. Choate*, No. 19-cv-00207-GPG, 2019 WL

13214049, at *4 (D. Colo. Mar. 22, 2019) (holding that the court does not have

jurisdiction to issue an order which would overrule an immigration judge's discretionary

decision whether to grant or deny bond); *Grant-Davis v. Anda-Ybarra*, 2026 WL 823095,

at *3 (D.N.M. Mar. 23, 2026) (same); *compare Hernandez v. Holder*, 450 F. App'x 773,

775 (10th Cir. 2011) (unpublished) (in case regarding 8 U.S.C. § 1252(a)(2)(D), holding

that "[d]iscretionary agency decisions may not be recast as constitutional claims or

questions of law simply to invoke our jurisdiction").  Therefore, pursuant to § 1226(e),

the Court does not have jurisdiction over this matter.  To the extent petitioner argues

that the bond decision failed to apply the appropriate administrative standards, "[t]hat

bond decision is appealable to the BIA."  *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1179

(D. Colo. 2024) (citing 8 C.F.R. § 1003.19(f)).

 The Court ordered that respondents conduct a bond hearing pursuant to 28

U.S.C. § 1226(a).  Docket No. 19 at 5.  Respondents did so.  Docket No. 23.  Thus, the

Court will deny the motion to enforce and will close this case.

## III.  CONCLUSION

 Therefore, it is

 **ORDERED** that the Motion to Enforce [Docket No. 24] is **DENIED**.  It is further

 **ORDERED** that this case is closed.

DATED April 15, 2026.

BY THE COURT:

_____

PHILIP A. BRIMMER
United States District Judge
